RYAN *et. al. v.* ANDREWS.

## RYAN *et. al., vs.* ANDREWS.

roperty descending to a decedent from his father, passes to his maternal grandmother, where she is nearest of kin to decedent, though she was not related, by blood to the father.

Error to Clinton Circuit.

*Opinion by* CAMPBELL, C. J.—The case presents the single question whether property which descended to a decedent from his father, passes to his maternal grandmother, who was not related his father, or to more distant relatives who were so related, in exclusion of her claims as next of kin. The whole matter depends upon the construction to be given to § 2816. *C. L.* which reads as follows: "The degrees of kindred shall be computed according to the rules of the civil law; and kindred of the half blood shall inherit equally with those of the whole blood in the same degree, unless the inheritance came to intestate by descent, devise or gift of some one of his ancestors, in which case all who are not of the blood of such ancestor shall be excluded from such inheritance."

*Held,* that under this section the estate can never go to any one else but the nearest of kin according to the degrees of the civil law. If there is but a single next relative, he or she will take the whole estate without reference to whether the kindred is on the side of one parent or the other. If there are several next kin and they are notable relatives on the same side, then only such of them will take as are of the blood of the ancestor from whom the estate was derived. In the present case, as there is no one else of the same degree of kindred with the maternal grandmother and she is nearest of kin, the estate devolved solely upon her, and the remoter kindred are excluded.

Judgment below affirmed with costs